HOOD, Judge.
Robert Reeves instituted this suit to recover wages alleged to be due him by A & M Pest Control Service, Inc., plus penalties and attorney’s fees. Defendant reconvened seeking to recover from plaintiff the value of one of its trucks which it alleges was damaged as the result of Reeves’ negligence. The trial court rendered judgment awarding plaintiff the past due wages which he claimed, rejecting his prayer for penalties and attorney’s fees, and dismissing defendant’s reconventional demand. The defendant-reconvenor appealed. We affirm.
Reeves did not appeal and he did not answer the appeal which was taken by defendant. We are not confronted with the question, therefore, as to whether plaintiff is entitled to recover penalties and attorney’s fees in addition to the wages which were awarded to him.
The sole issue presented here is whether the defendant-reconvenor is entitled to recover from plaintiff the value of the truck which was involved in the above accident, or alternatively, damages for the amount which would be required to repair that vehicle.
In June, 1977, plaintiff worked as a termite inspector for defendant at a wage or salary amounting to about $500.00 per month. On June 1 of that year, while Reeves was driving one of defendant’s trucks, he became involved in a motor vehicle collision which resulted in damages to the truck. Shortly thereafter, the president of defendant company, feeling that the accident was caused by the negligence of plaintiff, asked Reeves to sign a “Repayment Agreement,” which would have authorized A & M Pest Control to deduct and retain the sum of $25.00 out of and from each paycheck due plaintiff thereafter, until defendant had recouped the damages which it had sustained. Plaintiff refused to sign that authorization, and defendant thereupon began withholding the paychecks which otherwise would have been delivered to Reeves as payment of his salary. Plaintiff was paid on the fifth and twentieth of each month, and defendant withheld and retained wages which were owed to him on June 5 and on June 20, 1977. Reeves resigned as an employee of defendant after the second paycheck was withheld, and *836 thereafter he instituted this suit to recover the amount of past due wages which had been withheld, plus penalties and attorney’s fees, as provided in LSA-R.S. 23:631, et seq.
The aggregate sum of $540.00 was withheld from plaintiff’s wages by defendant, and the amount so retained by the employer has never been paid to Reeves. We find that plaintiff is entitled to recover that sum from A & M Pest Control Service. There is no error in that part of the trial court’s judgment, therefore, which awards plaintiff that amount.
Defendant argues, however, that under its reconventional demand it is entitled to recover from plaintiff, either the value of the truck, which it claims was damaged beyond repair by the negligence of plaintiff, or alternatively, damages for the cost of repairing the truck in an amount equal to the aggregate sum it withheld from plaintiff’s wages.
The trial judge found that the reconvenor had failed to prove by a preponderance of the evidence that it was entitled to any award at all for damages to the truck.
Although the evidence shows that a motor vehicle collision occurred involving a truck owned by defendant, and being driven at that time by plaintiff, it fails to establish the value of the truck, or the extent to which that vehicle was damaged or the expenses which would have to be incurred in repairing that damage.
Mr. Fahey, the Gretna Manager of defendant company, testified that he saw the truck after the accident and observed that the “frame or whatever” on the front of the truck was bent so that you could not steer it, that it would circle and would not go in one direction, that it would not operate properly, and that the truck did not go back into service as far as he knew. Mr. Falati, Vice-President and General Manager of defendant company, apparently did not see the truck after the collision, but he stated that according to the records of the company the truck was not used after the accident. Both of the above officials concede, and counsel for defendant stipulated, that no appraisal was ever made of the truck and no estimate was ever made as to the damages which resulted from the accident.
No automobile mechanic and no motor vehicle expert or appraiser testified at the trial. No repair bills were offered, and no one, not even a lay witness, expressed an opinion as to the value of the truck, or suggested a figure as to what it might cost to repair it. Counsel for defendant asked the court to take cognizance of the value of the truck as shown in the “NADA rating,” but the court ruled that that was not a matter for judicial cognizance. The re-convenor thereupon rested its case.
We agree with the trial judge that the evidence fails to establish either the value of the truck which was involved in the accident, or the expenses which would have to be incurred in repairing it. We find no error in the judgment of the trial court in rejecting the reconvenor’s demand for damages against plaintiff.
The judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
AFFIRMED.